**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Saint Patrick, | No. CV-22-00462-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| RHI 1 San Norterra LLC, et al., | |
| Defendants. | |

Plaintiff Jennifer Saint Patrick alleges that Defendants retaliated against her for filing a Fair Housing Act ("FHA") complaint against them by refusing to renew her lease for another one-year term. (Doc. 8.)

Ms. Saint Patrick has lived in Apartment 1117 at the San Norterro Apartment Community owned by Mark-Taylor since April 2017 and has successfully renewed her lease each year up until recently. (Doc. 35-3.) She has a disability and asked Mark-Taylor for many accommodations. (Doc. 8-4 at 4-5.) When Mark-Taylor did not respond to her requests to her satisfaction, she filed a complaint with United States Housing and Urban Development in November 2021.

Two months later, she received a 30-day notice from Community Manager Logen Watts stating that Mark-Taylor would not renew her lease for another term. (Doc. 8-4 at 11.) Mark-Taylor employees testified that Ms. Saint Patrick's lease was not renewed because it was Mark-Taylor's contractual right to do so and because Ms. Saint Patrick was

unhappy at San Norterro. The two other tenants whose leases were not renewed in January 2022 had failed to timely pay rent.

In response to the notice of non-renewal, Ms. Saint Patrick asked that Mark-Taylor renew her lease for a year term. (Doc. 8-6 at 5-6.) Mark-Taylor instead offered her a month-to-month lease at a 20% increase in rent that would continue until written notice is given 60 days prior to termination. (Doc. 8-6 at 8-9.) Two units with a nearly identical floor plan as Ms. Saint Patrick's unit were renewed on a year basis at an 11% increase.

Ms. Saint Patrick filed this lawsuit on March 23, 2022 and immediately sought a temporary restraining order to "allow [her] to renew her lease" at no more than a 5% increase in rent. (Doc. 8 at 1; Doc. 8-7 at 1.) During an April 11, 2022 conference call, the parties informed the Court that Ms. Saint Patrick was not presently at risk of eviction because she had already paid rent through the month of April. The Court therefore converted Ms. Saint Patrick's TRO motion into a motion for preliminary injunction, requested hearing memoranda in lieu of preliminary injunction briefing, and set an evidentiary hearing. Ms. Saint Patrick submitted a hearing memorandum, which modified the requested relief to "[a]n order that [she] cannot be evicted during the pendency of this action and setting the rent at no more that 11% greater than what it was in her 2021 lease." (Doc. 38.) Defendants did not submit a memorandum. On May 11, 2022, the Court held an evidentiary hearing. Based on the evidence presented at the hearing and the arguments made in hearing memorandum, the Court grants Ms. Saint Patrick's motion for preliminary injunction.

A plaintiff seeking a preliminary injunction must establish that she is likely to succeed on the merits and to suffer irreparable harm in the absence of immediate relief, that the balance of equities tips in her favor, and that a preliminary injunction is in the public interest. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). These elements are balanced on a sliding scale, whereby a stronger showing of one element may offset a weaker showing of another, although all elements still must be met. *See Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127, 1131, 1134-35 (9th Cir. 2011). The

movant bears the burden of proof on each element of the test. *Envtl. Council of Sacramento v. Slater*, 184 F. Supp. 2d 1016, 1027 (E.D. Cal. 2000).

First, success on the merits. A retaliation claim follows the *McDonnell Douglas* burden-shifting framework. 411 U.S. 792 (1973). To make her prima facie case, Ms. Saint Patrick must prove that (1) she engaged in a protected activity, (2) Mark-Taylor subjected her to an adverse action, and (3) the adverse action was causally related to the protected activity. *Id.* If she does, the burden shifts to Defendants to prove that they had a legitimate, non-retaliatory reason for the adverse action. *Id.* And if they carry their burden, Ms. Saint Patrick bears the ultimate burden of proving that the proffered reason was merely pretext for a retaliatory motive. *Id.*

Ms. Saint Patrick engaged in a protected activity by filing an FHA complaint. Non-renewal of her lease is an adverse action. The Court finds it likely that the two are causally related, given that the adverse action happened about two months after Ms. Patrick engaged in protected activity. *Yartzoff v. Thomas*, 809 F.2d 1371 (9th Cir. 1987) (adverse employment actions occurred less than three months after employee filed formal complaints against his employer).

Mark-Taylor offers a legitimate non-retaliatory reason for choosing not to renew Ms. Saint Patrick's lease—it declined to renew her lease because she was "unhappy."

But Ms. Saint Patrick has shown that this reason likely is pretextual. Ms. Saint Patrick declined an offer to cancel her lease early, and Mark-Taylor had renewed leases of other tenants who it perceived as unhappy. Ms. Saint Patrick is likely to succeed on the merits of her retaliation claim.

Second, irreparable harm. An eviction constitutes an irreparable injury. *Park Vill. Apartment Tenants Ass'n v. Mortimer Howard Tr.*, 636 F.3d 1150, 1159 (9th Cir. 2011).

Third, the balance of equities. Ms. Saint Patrick faces eviction and disability-related complications. Mark-Taylor faces an impingement on its freedom of contract and a slight financial hardship in the difference between a 20% increase in rent and an 11% increase in rent. Yet it still would collect rent on a monthly basis; it just wouldn't be able to evict Ms.

Saint Patrick during the pendency of this case, provided Ms. Saint Patrick continues to timely pay rent and otherwise comply with the terms of her lease. The balance favors Ms. Saint Patrick.

Finally, the public interest. Public policy favors protecting tenants from FHA violations, which Ms. Saint Patrick alleges here. 42 U.S.C. § 3601.

In sum, Ms. Saint Patrick has met her burden on all four preliminary injunction elements. The Court finds a bond unnecessary because Ms. Saint Patrick will be required, under the terms of this preliminary injunction, to pay monthly rent on par with that charged other renewing tenants in similar apartment units. Therefore,

**IT IS ORDERED** that Plaintiff's motion for preliminary injunction (Doc. 8) is **GRANTED**. So long as Ms. Saint Patrick timely pays her rent and otherwise complies with the terms of her pre-existing lease, Defendants may not evict Ms. Saint Patrick during the pendency of this action and may set her monthly rent at no more than 11% greater than what it was in her 2021 lease.

Dated this 25th day of May, 2022.

Douglas L. Rayes
United States District Judge