**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jennifer Saint Patrick,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>RHI 1 San Norterra LLC, et al.,<br><br>　　　　　Defendants. | No. CV-22-00462-PHX-DLR<br><br>**ORDER** |

　　　　Pending before the Court is Plaintiff Jennifer Saint Patrick's motion for $67,103 in attorney fees and $3,410 in costs. (Doc. 55.) Defendants oppose an award of attorney fees but not costs. (Doc. 58.)

　　　　Under the Fair Housing Act, "the court in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs." 42 U.S.C. § 3613(c)(2). The reasonableness of attorney fees are determined by the lodestar method, which multiplies the number of hours reasonably spent on the litigation by the reasonable hourly rate. *Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 n.4 (9th Cir. 2001). The parties do not dispute the reasonableness of the quoted hourly rates; instead, the parties dispute the reasonableness of the time spent on litigation.

　　　　Plaintiff's main argument is that the time she spent litigating was reasonable because Defendants slow-walked the litigation from day one, despite it being a "simple" case. Plaintiff's counsel contacted Defendants before filing, but Defendants would not

agree to terms that would protect Plaintiff during the pendency of the lawsuit. (Doc. 58 at 9.) Then, Defendants opposed the motion for temporary restraining order, an order that would provide the minor relief of maintaining the status quo. (Doc. 12.) Then, the Court, with the input of both parties, created a deadline for completing discovery by April 22, 2022. (Doc. 14.) But by that day, Defendants still had not produced crucial documents or made a critical witness available for deposition, and the Court had to order Defendants to complete those discovery tasks, effectively extending the discovery deadline that Defendants had helped create. (Doc. 30.) Ultimately, the Court granted Plaintiff the requested relief with a preliminary injunction. (Doc. 45.) The parties settled soon thereafter on terms substantively similar to the initially requested relief, suggesting that settlement was possible from the litigation's inception. Though it is regrettable that the parties could not settle this matter sooner, the Court is persuaded that the time spent by Plaintiff's counsel was reasonable.

It is for this reason that Defendants' main argument is unavailing. They contend that all hours spent from March 25, 2022 to the injunction hearing on May 11, 2022 were unreasonable because Defendants, on March 25, 2022, offered the relief that Plaintiff ultimately sought at the injunction hearing and received in the preliminary injunction: to stay in her apartment. The Court disagrees. Defendants, although they retracted the nonrenewal notice that jolted this dispute into litigation, did not offer to maintain the tenancy for the pendency of the litigation. And it was precisely this relief that the Court granted in the preliminary injunction:

> So long as Ms. Saint Patrick timely pays her rent and otherwise complies with the terms of her pre-existing lease, Defendants may not evict Ms. Saint Patrick during the pendency of this action and may set her monthly rent at no more than 11% greater than what it was in her 2021 lease.

(Doc. 45 at 4.) Had the Court not granted this relief, Plaintiff was at risk of having her lease terminated and having to move within 30 days, even while the litigation was pending. Plaintiff's counsel's tasks directed to achieving this result for Plaintiff are reasonable.

**IT IS ORDERED** that Plaintiff's motion for attorney fees is **GRANTED**. Plaintiff is awarded $67,103 in attorney fees. Plaintiff is also awarded $3,410 in costs.

**IT IS FURTHER ORDERED**, consistent with the Court's December 5, 2022, Order (Doc. 64), the parties shall submit a stipulation to dismiss this matter with 30 days.

Dated this 14th day of March, 2023.

Douglas L. Rayes
United States District Judge